```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

EDWARD J. BUCHER
                                    :    BK No. 11-11761
          Debtor                         Chapter 13

- - - - - - - - - - - - - - - - - -x
```

## DECISION AND ORDER MODIFYING SECURED CLAIM

APPEARANCES:

    Peter M. Iascone, Esq.
    Attorney for Debtors
    PETER M. IASCONE & ASSOCIATES, LTD.
    117 Bellevue Avenue
    Newport, Rhode Island 02840

    Linda Rekas Sloan, Esq.
    Attorney for RBS Citizens, N.A.
    SALTER, McGOWAN, SYLVIA & LEONARD, INC.
    321 South Main Street, Suite 301
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 11-11761

Heard on Debtor Edward J. Bucher's ("Bucher") Motion to Modify (and reduce) the Secured Claim of Creditor RBS Citizens, N.A. ("Citizens") to the fair market value of the real property on which Citizens holds the mortgage.  Bucher contends that the value of his house at 15 Seaview Court, Tiverton, Rhode Island is $175,000.  Citizens places the value of the property at $240,000.

At the valuation hearing, the Court heard testimony and reviewed documentary evidence submitted by Peter Hurley ("Hurley") for the Debtor, who valued the property at $175,000.  Matthew Miale ("Miale") of Priority Appraisal Services, LLC, testified on behalf of Citizens that the value of the property is $240,000.  It is stipulated that both witnesses are qualified to testify as experts in real estate valuation.  The Court also treated itself to the eye-opening luxury of viewing the subject property, including its interior, as well as the exterior of the properties relied on by both witnesses to form their respective opinions of value.

Both experts used the comparable (or comparative) sales approach to estimate the value of the subject property.  It is worth noting, and the parties agree, that in this case, similar sales are hard to find.  The subject property is a 1950's Contemporary "California Modern" single family residence that apparently did not gain popularity in the Northeast, and which is unique among its neighboring Cape, Ranch and Colonial homes.  Both witnesses, of

1

BK No. 11-11761

necessity, had to make very large, and therefore more problematic and vulnerable adjustments, in the absence of even remotely similar sales.  From the Court's standpoint, given the difficulty that the dearth of comparative sales presented for the appraisers, the ability to view the subject property turned out to be the most helpful factor in determining its fair market value, which the Court finds is $175,000.

Hurley relied on comparable sales in North Tiverton ranging from $170,000 to $230,000.  All three of Hurley's comparable sales appeared, at least from the exterior, to be in much better condition and repair than the subject property.  All were located in neighborhoods similar to Seaview Court, and all are within roughly one mile of the subject property.  Hurley observed that the subject property shows "considerable signs of wear" and that there is a "dramatic need" for maintenance.  Hurley's description of the subject property generously understates its deplorable condition, and therefore the sales appeal, of the subject property.

Miale relied on sales of properties in Tiverton ranging from $225,000 to $255,000.  While two of these properties were located within a mile of the subject property, none of them are useful to the trier of fact in this case.  In fact, the higher priced property ("Middle Avenue") is in a class by itself, i.e., similar to nothing in this case, but according to the Bank's appraisal, worth just

2

BK No. 11-11761

$15,000 more than the subject property. The Middle Avenue property, located three miles from the subject property in a great setting, is a lovely, immaculately maintained Dutch Colonial on a large lot in close proximity to and overlooking the Sakonnet River.[1]

In his appraisal report, Miale states incomprehensibly that "all comparables are similar in amenities, appeal (with no design adjustments needed) and marketability." The longer the Court ponders the evidence, in an effort to reconcile the disparate opinions of value, the less confidence it has in what the bank's appraiser has to say, i.e., the bank's evidence in this matter ignores the visual and actual reality and the boundaries within which courts are expected to accept expert opinions, whatever they are.

Accordingly, the Court adopts $175,000 as the market value of a house which is certainly unique, but not in any context that enhances its market value above $175,000. Therefore, Bucher's Motion to Modify Citizens' Secured Claim is **GRANTED,** and Judgment should enter consistent with the terms of this Decision.

Enter:

                                                      Arthur N. Votolato
                                                      U.S. Bankruptcy Court

Entered on docket: 12/20/2011

---

[1] The Court was nearly as enchanted with this property and its surroundings, as it is puzzled by the bank's suggestion that it could be considered as a comparable sale to the subject property.